UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMS MARKET, INC. *d/b/a* *USA Market*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-CV-1166 HEA |
| UNITED STATES OF AMERICA, *through its agency, the United States Department of Agriculture*, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Stay of the Food and Nutrition Services' Final Agency Decision pursuant to 7 U.S.C. § 2023(a)(17). (ECF No. 7). Defendant United States of America through its agency, the U.S. Department of Agriculture ("USDA," the "Government" or "Agency") opposes the motion and has filed a memorandum in response. Plaintiff did not file a reply memorandum, and the time to do so has expired. For the following reasons, the Court denies Plaintiff's motion.

### *I.     Background*

Plaintiff AMS Market, Inc. d/b/a USA Market ("USA Market") operates a store, which it characterizes as a grocery and convenience store, in Ferguson, Missouri. On April 12, 2022, USDA informed USA Market through a charge letter that it was in violation of the Supplemental Nutrition Assistance Program ("SNAP")

regulations and was being charged with trafficking SNAP benefits based on Electronic Benefit Transfer ("EBT") transactions between May and September 2021. The letter asserted that the EBT transactions "establish clear and repetitive patters of unusual, irregular, and inexplicable SNAP active for your type of firm." (ECF No. 12, Ex. 1 at 1). The letter also informed USA Market that it was subject to permanent disqualification from SNAP, although it could request a civil monetary penalty in lieu of permanent disqualification. (*Id.*)

USA Market responded to the charge and denied that it had engaged in trafficking SNAP benefits. According to USA Market, the EBT transactions at issue were legitimate transactions. It argued, among other things, that: (1) USA Market has a kitchen that prepares hot food for customers and, therefore, its per transaction amounts are higher than "chips and soda" convenience stores; and (2) the Government provided significantly increased SNAP benefits during the COVID-19 pandemic and, therefore, USA Market's customers had more benefits to spend. (ECF No. 8 at 8). In its response, USA Market provided the Government with a number of documents including menus, photographs, receipts, invoices, and affidavits to support its assertion that all of its transactions were legitimate sales of eligible food items. USA Market also urged USDA to impose a civil monetary penalty against it in lieu of a permanent ban. USA Market asserted that it qualified

2

for a monetary penalty because it had established and implemented a compliance policy and program to prevent violations of the SNAP regulations.

In a letter dated November 9, 2022, USDA informed USA Market that it was being permanently disqualified as an authorized retailer in SNAP for trafficking violations. The letter further stated that USA Market was not eligible for a civil monetary penalty in lieu of the permanent ban, because USA Market had not submitted substantial evidence that there was a compliance policy and program in place prior to the violations. USA Market was prohibited from accepting SNAP benefits as of November 10, 2022.

USA Market appealed this decision and requested an administrative review. Following submission of additional information and documents, the Food and Nutrition Service Administrative Review Branch issued a Final Agency Decision dated August 21, 2023, that sustained the decision to permanently disqualify USA Market from SNAP. (ECF No. 12, Ex. 1). USA Market filed this action pursuant to 7 U.S.C. § 2023(a)(13) seeking judicial review of the Agency's decision to permanently disqualify it from SNAP.[1]

---

[1]Section 2023(a)(13) provides as follows:

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting

3

In the motion presently before the Court, USA Market seeks a stay of the administrative action disqualifying it from SNAP pending judicial review. USDA opposes USA Market's motion. The Government argues Plaintiff is not entitled to a stay, because under the plain language of the statute, as well as under the regulations issued by USDA, stays are not authorized where a store has been permanently disqualified based on a finding of trafficking. The Government further argues that even if the Court were to take up the issue on the merits, Plaintiff is not entitled to a stay, because USA Market cannot show there is a likelihood that it will succeed on the merits of its claim, or that it will suffer irreparable harm.

The Court will first address whether under 7 U.S.C. § 2023(17) and (18) it is authorized to enter a stay of USDA's determination that USA Market is permanently disqualified from SNAP – an issue neither the U.S. Supreme Court nor the Eighth Circuit Court of Appeals has addressed.

## II.   *Discussion*

Congress established SNAP "to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households." 7 U.S.C. § 2011. SNAP provides eligible households with EBT cards that may be used to purchase qualifying food items at authorized retail stores. 7 U.S.C. § 2013;

---

the court to set aside such determination.

7 U.S.C. § 2023(a)(13)

*see also AJS Petroleum, Inc. v. United States*, No. CIV. L-11-1085, 2012 WL 683538, at *1 (D. Md. Mar. 1, 2012).  When an individual uses his or her EBT card for a transaction to purchase food, the household's SNAP account is debited, and the retailer is subsequently reimbursed by the Government. *Id.*

SNAP households and authorized retailers are subject to a number of statutory provisions and regulations. In order to safeguard the integrity of the program and to prevent abuse, Congress established penalties for retailers that violate SNAP's statutory provisions and regulations.  There is a range of penalties for violations including civil monetary penalties, suspension, and permanent disqualification. Trafficking in benefits carries the stiffest penalty – permanent disqualification from SNAP.[2]  7 U.S.C. § 2021(a)(3)(B).  In fact, the statute provides that a retailer engaged in trafficking is subject to a permanent ban on its first offense, unless there is a determination that it had an effective anti-trafficking policy in place, and there is substantial evidence that ownership and management were not aware of and did not approve of or benefit from the trafficking. *Id.*  In this case, USDA made a

---

[2]Trafficking is defined as follows:

The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone[.]

7 C.F.R. § 271.2

determination that USA Market had engaged in trafficking, and the store was permanently banned from SNAP under 7 U.S.C. § 2021(b)(3)(B), because that it did not have a sufficient anti-trafficking policy in place prior to the violations.

With this background, the Court now turns to the statutory provisions at issue in Plaintiff's motion for a stay. When a retailer is subject to a monetary penalty, suspension, or permanent disqualification under 7 U.S.C. § 2021, and there has been a final Agency determination, the retailer may seek judicial review of the Agency's decision, as USA Market has done in this case. 7 U.S.C. § 2023(a)(13). During the pendency of the judicial review, the administration action remains in place. *Id.* The retailer, however, may request that the Court stay the administrative action. More specifically the statute provides:

> **(17)** During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

7 U.S.C. § 2023(a)(17).

However, the following paragraph states:

> **(18) Suspension of stores pending review** - *Notwithstanding any other provision of this subsection*, any permanent disqualification of a retail food store or wholesale food concern under paragraph (3) or (4) of section 2021(b) of this title *shall* be effective from the date of receipt of the notice of disqualification. If the disqualification is reversed

> through administrative or judicial review, the Secretary shall not be liable for the value of any sales lost during the disqualification period.

7 U.S.C. § 2023(a)(18) (emphasis added). The Government argues the statutory language is unambiguous, and under its plain meaning, a retailer that has been permanently disqualified under § 2021(b)(3) or (4) – which includes permanent disqualification for trafficking – is not entitled to a stay pursuant to § 2023(a)(17). The Court agrees.

Paragraph (17) grants district courts the authority to enter a stay of an Agency decision under certain circumstances. 7 U.S.C. § 2023(a)(17). But the very next paragraph states, "Notwithstanding any other provision of this subsection, any permanent disqualification of a retail food store … *shall* be effective from the date of receipt of the notice of disqualification." 7 U.S.C. § 2023(a)(18) (emphasis added). The Eighth Circuit as instructed that "the use of 'shall' in a statute makes what follows mandatory." *Hennepin Cnty. v. Fed. Nat. Mortg. Ass'n*, 742 F.3d 818, 822 (8th Cir. 2014). Further, use of the term "notwithstanding any other provision of this subsection," meaning despite what is stated elsewhere, indicates the drafters acknowledge there is language in other paragraphs that conflicts with this paragraph, but the mandatory language applies despite this fact. Taken together, the Court finds it is clear that under paragraph (18), the Agency's decision to permanently ban a retailer from SNAP goes into and stays in effect from the date of receipt of the notice

of disqualification, despite what was stated in the preceding paragraph. In other words, retailers banned from SNAP are not entitled to a stay pending review.

The meaning of the statute is plain from the language itself, but the Court's interpretation of the language is also supported by the fact that the heading to paragraph (18) is "Suspension of stores pending review," which is consistent with finding that stores that are permanently banned should remain banned pending judicial review. What is more, paragraph (18), "Suspension of stores pending review," immediately follows paragraph (17), which addresses stays pending judicial review. Based on the flow of the paragraphs, this strongly indicates that the "notwithstanding" language in paragraph (18) is referring to the preceding paragraph, paragraph (17). Further, paragraph (18) provides that the Agency shall not be liable for lost sales during the disqualification period should its decision be reversed, which, again, logically flows if stores permanently banned from SNAP are to remain banned during judicial review.

In light of the language of the statute itself, the context in which it is used, and "the broader context of the statute as a whole," the Court finds retailers that are permanently disqualified from SNAP for engaging in trafficking under 7 U.S.C. § 2021(b)(3)(B) are not entitled to a stay pending judicial review pursuant to 7 U.S.C. § 2023(a)(17). *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) (outlining steps for statutory interpretation). A number of district courts have

reached this same conclusion. *See Sunflowers Convenience Store, LLC v. United States*, No. CA 11-577-ML, 2012 WL 1450088, at *2 (D.R.I. Apr. 25, 2012) (finding plain meaning of 7 U.S.C. 2023(a)(18) precludes issuance of stay); *Ameira Corp. v. Veneman*, 169 F. Supp. 2d 432, 436 (M.D.N.C. 2001) (finding 7 U.S.C. 2023(a)(18) does not allow a stay to be granted in the case of food stamp trafficking); *Ilaian v. U.S. Dep't of Agric., Food & Nutrition*, 87 F. Supp. 2d 1047, 1048 (S.D. Cal. 2000) ("the plain language of 7 U.S.C. § 2023(a)(18) reflects that a stay is not available in cases of permanent disqualification for trafficking"); *cf. ANS Food Mkt. v. United States*, No. CIV. JKB-14-2071, 2015 WL 1880155, at *4 (D. Md. Apr. 22, 2015) (under the statute, as "clarified" by the regulations, plaintiff, who was disqualified for trafficking, is not entitled to stay).

The Court acknowledges that other district courts have held they do have the authority to enter a stay of a final Agency decision pursuant to 7 U.S.C. § 2023(a)(17). *E.g., Tony's Pantry Mart Inc. v. United States of Am. Dep't of Agric. Food & Nutrition Serv.*, 175 F. Supp. 3d 987, 991 (N.D. Ill. 2016) (denying motion for stay on the merits after applying *Chevron* and finding court had authority of issue stay of Agency decision); *Dinner Bell Markets, Inc. v. United States*, 116 F. Supp. 3d 905, 912 (S.D. Ind. 2015) (same); *Lazaro v. U.S. Dep't of Agr.*, 186 F. Supp. 2d 1203, 1211 (M.D. Fla. 2001) (same). But all of the cases are not controlling authority. Moreover, in reaching their decisions, these district courts reviewed the

validity of a regulation and relied on *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842 (1984), a case that was expressly overruled by *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2247 (2024).[3]

The Court concludes that the statute does not allow for a stay pending judicial review of a permanent disqualification for trafficking in EBT benefits. 7 U.S.C. § 2023(a)(17) and (18).  Finding the Court is not authorized to issue a stay of the administrative decision based on the plain meaning of the statute, the Court need not address the validity of the USDA regulation interpreting 7 U.S.C. § 2023(a)(17) and (18), or whether USA Market would be entitled to a stay on the merits.

---

[3] The USDA enacted a regulation interpreting 7 U.S.C. § 2023(a)(17) and (18). The regulation provides in pertinent part, as follows:

> During the pendency of any judicial review, or any appeal therefrom, the administrative action under review shall remain in force unless the firm makes a timely application to the court and after hearing thereon, the court stays the administrative action after a showing that irreparable injury will occur absent a stay and that the firm is likely to prevail on the merits of the case. However, *permanent disqualification actions taken in accordance with § 278.6(e)(1) of this chapter shall not be subject to such a stay of administrative action.* ….

7 C.F.R. § 279.10(d) (emphasis added).  As an alternative argument, the Government argues in this case that in the event the Court finds 7 U.S.C. § 2023(a)(17) and (18) are ambiguous, its regulation is a reasonable and proper interpretation of the statute and, therefore, the Court should afford the regulation deference under *Chevron*. The Court finds that it need not address this argument because the statute is not unambiguous.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff AMS Market, Inc.'s Motion for Stay pursuant to 7 U.S.C. § 2023(a)(17) is **DENIED**.  [ECF No. 7]

Dated this 23rd day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE